### VAN DYKE v. ATLANTIC AVE. R. CO.

(Circuit Court, E. D. New York. April 1, 1895.)

NEGLIGENCE—QUESTION FOR JURY.

> Plaintiff, while in the employ of defendant in repairing overhead trolley wires, on a tower wagon, was injured by one of defendant's cars running into such wagon. It appeared that the car had no sand box, and could not be stopped by the brake. The plaintiff gave evidence to show that sand boxes were necessary for safety, and the defendant evidence that many cars were used without them, and that its tracks were sanded instead, but not that they were sanded at the place where the accident happened. *Held*, that it was a question for the jury to determine whether sand boxes were reasonably required, and whether the defendant was negligent in failing to provide proper means for stopping the car.

This was an action by Seymour Van Dyke against the Atlantic Avenue Railroad Company for personal injuries. The jury gave a verdict for the plaintiff. Defendant moved to set the verdict aside.

Raphael J. Moses and Mirabeau L. Towns, for plaintiff.

William S. Cogswell, for defendant.

WHEELER, District Judge. The plaintiff, while in the employ of defendant, repairing overhead trolley wires on a tower wagon, was seriously injured by the running of one of its cars (which had no sand box, and the brake would not stop) against the wagon, and throwing him off. The plaintiff showed, by those familiar, that sand boxes were necessary for safety on cars so run in such places, although not always used. The defendant showed, in the same way, that many cars are used without them, and that its tracks were sanded in dangerous places instead, but not that they were sanded at this place. The defendant claimed direction of a verdict because not bound to provide the best, but only usual, appliances; and, for want of evidence that the tracks were not sanded at this place. The jury were charged, in substance, that the very best appliances were not required, but only such as would be reasonable and prudent in view of what could be provided and of all the circumstances; and that if the lack of a sand box was in that view a defect, and it caused the injury by preventing the stopping of the car sooner, the plaintiff would be entitled to a verdict. The defendant excepted "to that part of the charge where it says the car ought to have had a sand box, or that the track ought to have been sanded," and "to what was said about the track not being sanded." But the charge did not say that the car ought to have had a sand box, or the track ought to have been sanded, nor anything about the track not being sanded. After verdict for the plaintiff, the defendant moved to set it aside, as against law and evidence, and as excessive. This motion has now been heard, but the latter ground has not been pressed. The evidence seems to have been sufficient to well warrant the conclusion that there was something wrong about the appliances for stopping the car, which prevented stopping it soon enough to avoid injury to the plaintiff, and also sufficiently, although not so clearly and satisfactorily, that the want of sand boxes was the defect. That the defendant was bound to have reasonably safe appliances upon the cars for stopping them is not open to question. Railroad Co. v. Mackey (Sup. Ct. U. S., March 4, 1895) 15 Sup. Ct. 491. Whether sand boxes were reasonably requisite for safety was a question of fact upon the evidence, which was, and had to be, submitted to the jury. If they were, the want of them was such a structural defect that the defendant would be presumed to have notice of it without further proof.

The issues in the case were essentially ones of fact for the jury, whose finding should not be lightly disturbed. Motion overruled.